UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

    Plaintiff,

-against-

NYC MTA; NYPD, CITY OF NEW YORK (HRA),

    Defendants.

19-CV-8746 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Since September 16, 2019, Plaintiff has filed more than 30 actions in this Court, suing mostly agencies of the City of New York. *See Frost v. Oculus*, ECF 1:19-CV-9667, 5 fn.2 (S.D.N.Y. Nov. 5, 2019) (listing cases). To date, all of the complaints the Court has considered have been dismissed as frivolous and Plaintiff has repeatedly been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651, barring her from filing new actions IFP unless she receives prior permission. *See id.*at 4-5. Because she continued to file frivolous cases, on November 7, 2019, the Court barred Plaintiff from filing further actions IFP without first obtaining permission. *See Frost v. City of New York (HRA)*, No. 1:19-CV-8936, 5,6 (S.D.N.Y. Nov. 7, 2019). This action was filed prior to the Court's bar order.

Plaintiff sues the Metropolitan Transportation Authority (MTA), the New York City Police Department (NYPD), and the New York City Human Resource Administration (HRA). She uses the Court's general complaint form, invokes the Court's federal question jurisdiction, and writes that the following rights have been violated; "[d]ifferential treatment," "[n]ow trying to trick me out my leisurely place," and [o]wnership denying freedom." (ECF No. 2, 2.) Plaintiff lists the place of occurrence as "Bronx, Brooklyn, New York," and the date of occurrence as "2016-present" (*Id*. at 5.)

2

The following are some of the statements Plaintiff provides as the facts in support of her claims:

> Can we tell Yvonne her inside is hanging out – her back is inside out[,] someone said?
>
> Another took a long rod and rammed it inside my private part – it hurt – it pained. I said take it back now in Jesus name; you did not have to f---- me so hard.
>
> A man came to a little park I was having breakfast this morning and was projecting things into my head and also trying to get information. He asked me 'for a password/passcode.'
>
> I went along with a man after being told to follow him through projection. The destination World Trade Center. Multiple kegs were unlocked from two kiosks and opened up.
>
> Last night I worked, all the work is through head projection. I worked at the Columbus Circle area – in the shops.
>
> Last night I also worked at Penn Station. At all the jobs hits were attempted on my life after. As I slowly climbed the steps at Penn Station after doing a job I heard footsteps behind me. I saw him (whom I believe is a police making signs for some workers on the platform asking of to kill me. Geez, I just walked away from completing the job at Columbus Circle they/police/MTA were controlling the elevator. I had just taken it up.

(*Id*. at 5-6.) Plaintiff attaches additional pages to the form complaint with similar assertions, referencing random unrelated events. She asserts the following as her injuries:

> Botched MRI (2 parts), visual diminishing, hearing decline, push me out of leisurely house. Head blow and chest blow by a force. Memory torture, unknown sleepiness, broken heart, skin discoloration, falling down, daydreaming, sexual assault.

(*Id*. at 6.).

Plaintiff seeks declaratory and injunctive relief, and money damages. (*Id*. at 6, 16.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which

she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This action is a continuation of Plaintiff's pattern of vexatious, frivolous, and meritless litigation in this Court.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court's November 7, 2019 bar against filing future actions IFP without first receiving permission remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 12, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge